UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID GRATER, JR., <br><br> Plaintiff, <br><br> v. <br><br> BOB GOLDSMITH and CARRIE MORGAN, <br><br> Defendants. | CAUSE NO. 3:25-CV-237-CCB-SJF |

## OPINION AND ORDER

David Grater, Jr., a prisoner without a lawyer, filed a complaint suing the Sheriff and Assistant Jail Commander of Tippecanoe County. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Grater alleges Sheriff Goldsmith and Commander Morgan did not promptly transfer him to the Indiana Department of Correction after he was arrested for a parole violation on May 23, 2024. This does not state a claim because "prisoners possess neither liberty nor property [interests] in their classifications and prison

assignments." *DeTomaso v. McGinnis*, 970 at 212 citing *Meachum v. Fano*, 427 U.S. 215 (1976), and *Montanye v. Haymes*, 427 U.S. 236 (1976). Therefore, it was not a violation of Grater's rights to hold him in the Tippecanoe County Jail rather than in a State prison.

Grater also sues them for not promptly telling State officials when he was arrested. He alleges the delay in communicating his arrest caused him to be held past his release date because he is not getting proper credit for the time he spent in the Tippecanoe County Jail. "Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016).

Here however, the two named defendants did not hold him past his release date. Grater alleges his "maximum out date was 12-28-24." ECF 2 at 2. He says he was transferred from the Tippecanoe County Jail to the Putnamville Correctional Facility fifteen days earlier on December 13, 2024. *Id*. Moreover, Grater attaches paperwork showing the defendants did not delay telling State officials he had been arrested. ECF 3 at 3. Paperwork from the Indiana Department of Correction shows his May 23, 2024, arrest was recorded the same day it happened. *Id*. To the extent Grater was (or is) held past his release date, neither of these two defendants are legally liable to him.

This complaint does not state a claim for which relief can be granted. If Grater believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738

(7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **DISMISSES** Bob Goldsmith and Carrie Morgan;

(2) **GRANTS** David Grater, Jr., until **April 23, 2025**, to file an amended complaint; and

(3) **CAUTIONS** David Grater, Jr., if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 20, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT