UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID GRATER, JR.,

    Plaintiff,

    v.   CAUSE NO. 3:25-CV-237-CCB-SJF

BOB GOLDSMITH and CARRIE MORGAN,

    Defendants.

## OPINION AND ORDER

David Grater, Jr., a prisoner without a lawyer, filed a complaint suing Sheriff Goldsmith and Commander Morgan alleging they did not promptly transfer him to the Indiana Department of Correction after he was arrested for a parole violation on May 23, 2024, and that he was held past his release date. ECF 2. The court screened that complaint and found it did not state a claim. ECF 5. Grater was granted until April 23, 2025, to file an amended complaint, "based on (and consistent with) the events described in this complaint[.]" *Id.* at 2. He was cautioned if he did not respond by the deadline, this case would be dismissed without further notice. *Id*. at 3. Having not received a response, the court ordered this case dismissed on May 7, 2025. ECF 7. The next day, the clerk received an amended complaint dated May 8, 2025. ECF 9. Though it was filed late, the court will review it to determine whether this case should be reopened.

In the amended complaint, Grater sues Sheriff Goldsmith, Commander Morgan, and eight other defendants. He alleges that since 2017, he has been harassed, threatened, and assaulted. He alleges false charges have been filed against him and that he was accused of murder. He alleges he has been housed with an inmate who assaulted his daughter. He complains about the public defender office, corrupt police officers, and his medical care. The amended complaint says nothing about not being transferred. It says nothing about being held past his release date.

The claims raised in the amended complaint are unrelated to the claims in his original complaint. "[U]nrelated claims against different defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Grater was not granted leave to file an amended complaint raising unrelated claims. Grater was granted leave to file an amended complaint, "based on (and consistent with) the events described in this complaint" so he could cure the defects with the original complaint. ECF 5 at 2. This amended complaint does not even address those defects – much less cure them. Even if the amended complaint had been timely filed, this case would have still been dismissed under 28 U.S.C. § 1915A because the original complaint did not state a claim and the amended complaint raising unrelated claims would not have cured the defects with the original complaint.

For these reasons, the court **DECLINES** to reopen this case.

SO ORDERED on May 13, 2025.

                                                  */s/Cristal C. Brisco*
                                                  CRISTAL C. BRISCO, JUDGE
                                                  UNITED STATES DISTRICT COURT